■ EMAS PROPERTIES, INC., et al., Appellants-Respondents, v ANGELO R. MARTINELLI et al., Respondents-Appellants.—In an action, *inter alia,* to compel the defendants to comply with a prior order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), entered January 10, 1984, in the case of *Gandolfi v City of Yonkers,* (1) the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Palella, J.), entered March 25, 1986, as denied those branches of their motion for summary judgment in lieu of complaint, insofar as a requested class action certification, a declaratory ruling that the defendants violated the plaintiffs' due process and equal protection rights, and an award of attorney's fees, costs and disbursements; and (2) the defendants cross-appeal from so much of the same order as granted the plaintiffs' motion for summary judgment in lieu of complaint to the extent that it determined that the defendants failed to comply with the intent and language of the prior order and judgment, denied their cross motion to dismiss the plaintiffs' complaint, and directed that a hearing be held on the assessment of damages.

Ordered that the order is affirmed, with costs to the plaintiffs.

In *Gandolfi v City of Yonkers* (101 AD2d 188, *appeal dismissed and mot denied* 62 NY2d 882, *affd* 62 NY2d 995), this court, in affirming, in part, a judgment and order (one paper) of the Supreme Court, Westchester County (Coppola, J.), held that Tax Law § 1262-b was unconstitutional as an evasion of real estate tax limits, enjoined the defendant City of Yonkers (hereinafter the City) from continuing to levy taxes pursuant to that statute, and remitted the matter to the Supreme Court, Westchester County, for a hearing to determine which plaintiffs were entitled to a tax refund. Upon remittal, by decision dated October 9, 1984, Justice Coppola expressly denied the defendants' motion requesting that any reimbursement of tax revenues could be effected through a tax credit to be applied against taxes levied in its next budget year. The court instead held that:

"There is no reason why these monies should not be paid over directly to the taxpayers. At oral argument had on the County's motion to have the City of Yonkers pay over to it taxes collected, the only suggestion put forward on behalf of the City for reimbursement to the taxpayers, involved a set off of taxes to be levied in the future. This would clearly do violence to the opinion rendered by the Appellate Division which directed that relief be had forthwith * * *

"I direct that the City of Yonkers, which collected and retained the tax revenues, reimburse the taxpayers of the City in the amount of 1262-b taxes paid by them in 1984 together with interest thereon, reimbursement to be effected within 90 days of the date of the order entered herein."

On December 19, 1984, the City filed a notice of appeal to this court from the judgment and order entered thereon, thereby effecting a stay of its enforcement provisions under CPLR 5519. During the pendency of that appeal, the parties made additional motions before Justice Coppola in which the City submitted affidavits acknowledging its understanding of Justice Coppola's judgment and order directing immediate reimbursement of the taxes and suggesting that such reimbursement would in fact be made. In late June and early July 1985, the City reimbursed the 1984 taxes collected under Tax Law § 1262-b by assessing and levying taxes for the 1985/86 tax year and mailing tax bills to every taxpayer. To every taxpayer who had paid or had been billed for Tax Law § 1262-b taxes in 1984 and who still owned the same property, the City issued a tax credit in the amount of such payment to be applied against the total 1985/86 taxes due and payable. To every taxpayer who had been so billed in 1984 but had since

transferred or sold his or her property, it sent a reimbursement of the requisite amount by check. The 1985/86 taxes were payable in three installments due on July 22, 1985, October 7, 1985, and January 6, 1986. On September 3, 1985, this court granted the defendants' motion to withdraw their appeal from Justice Coppola's order.

On or about December 5, 1985, the plaintiffs herein commenced the instant action, and sought summary judgment in lieu of complaint, contending that the City had violated Justice Coppola's order and judgment by imposing upon the plaintiffs and the class of taxpayers they seek to represent a prospective tax credit in violation of Justice Coppola's prohibition against such a credit. The defendant cross-moved to dismiss the complaint. In the order now appealed from, Justice Palella held that:

"[T]he Court finds that the City of Yonkers did not comply with the intent and language of the decision of the Hon. Matthew F. Coppola dated October 10, 1984. A tax credit is clearly not the same as an immediate reimbursement to be effectuated within 90 days. Therefore, the motion for summary judgment in lieu of a complaint is granted and the motion to dismiss is denied.

"The remaining issue for the court to determine is the amount of damages that accrued as a result of the tax credit approach. Accordingly, upon the filing of a note of issue, payment of the appropriate fees and service of a copy of this order on the Calendar Clerk the Court will schedule a hearing on the assessment of damages."

We agree.

Justice Coppola's order is singularly unambiguous. It expressly prohibits reimbursement through a tax credit against future taxes, and calls for direct and immediate repayment. The defendants' argument that their system of issuing credits on the 1985/1986 tax bills had the same effect as a cash refund, and thus the plaintiffs' complaint must be dismissed because they have been "made whole" by such reimbursement and cannot show any damages is not convincing. Clearly, the fact that the 1985/1986 tax bills permitted payment to be made without penalty over the span of three future installment dates had the practical effect of making the tax credit less valuable to a taxpayer than an immediate cash reimbursement.

We have reviewed the parties' other contentions and find them to be without merit. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.